14-1411-cv
*Cohane v. Nat'l Collegiate Athletic Ass'n*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
>       CHESTER J. STRAUB,
>       BARRINGTON D. PARKER,
>       SUSAN L. CARNEY,
>                           *Circuit Judges.*

_____

TIMOTHY M. COHANE,

>           *Plaintiff-Appellant*,

>           v.                                          No. 14-1411-cv

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
TOM HOSTY, STEPHANIE HANNAH, JACK
FRIEDENTHAL, WILLIAM R. GREINER, DENNIS
BLACK, ROBERT ARKEILPANE, WILLIAM MAHER,
ERIC EISENBERG, MID AMERICAN CONFERENCE,
AND ROBERT FOURNIER,

>           *Defendants-Appellees.*\*

_____

FOR PLAINTIFF-APPELLANT:                 SEAN O'LEARY, Sean O'Leary &
                                         Associates, PLLC, Brooklyn, NY.

---

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR DEFENDANTS-APPELLEES NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, HOSTY, HANNAH, AND FRIEDENTHAL:

WILLIAM ODLE, Shook, Hardy, & Bacon, LLP, Kansas City, MO (Lawrence J. Vilardo, Connors & Vilardo, LLP, Buffalo, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES GREINER, BLACK, ARKEILPANE, MAHER, AND EISENBERG:

JEFFREY W. LANG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

FOR DEFENDANTS-APPELLEES MID AMERICAN CONFERENCE AND FOURNIER:

R. TODD HUNT (Aimee W. Lane, *on the brief*), Walter Haverfield LLP, Cleveland, OH.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiff Timothy M. Cohane appeals the District Court's grant of summary judgment to defendants—the National Collegiate Athletic Association ("NCAA"), the Mid American Conference ("MAC"), and certain NCAA and MAC employees and/or affiliates, as well as certain employees of Cohane's former employer, the State University of New York at Buffalo ("SUNY Buffalo"). In two suits that were consolidated at summary judgment, Cohane claimed, under 42 U.S.C. § 1983, that defendants acted together to deprive him of his liberty interest in his reputation without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution. Cohane also claimed that the NCAA and its associated individual defendants (the "NCAA Defendants"), and the MAC and its employee Robert Fournier (the "MAC Defendants"), tortiously interfered with his contracts with SUNY Buffalo in violation of New York law.

2

All claims stemmed from defendants' investigations into alleged violations by Cohane of NCAA and/or MAC rules. Cohane resigned from SUNY Buffalo during the course of the investigations and eventually was issued a "show-cause" order by the NCAA's Committee on Infractions. The order stipulated that if Cohane sought "employment or affiliation in an athletically related position at an NCAA member institution" during a certain defined period of time, he and the institution would be "requested to appear before the . . . Committee on Infractions to consider whether the member institution should be subject to [certain NCAA] show-cause procedures . . . , which could limit the coach's athletically related duties at the new institution for a designated period." Ex. N to Decl. of David J. State at 19-20, *Cohane v. Greiner*, No. 04-cv-943 (W.D.N.Y. Feb. 28, 2011), ECF No. 196-15. The show-cause order was stayed pending the outcome of Cohane's appeal to the NCAA Appeals Committee. The Appeals Committee modified the order to terminate on the date of the Appeals Committee's decision, with the result that the order was stayed for the duration of its term.

On defendants' motions for summary judgment, the District Court, accepting in substantial part the magistrate judge's Report and Recommendation, granted judgment in defendants' favor. Cohane timely appealed. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

We review a district court's grant of summary judgment *de novo*. *Segal v. City of New York*, 459 F.3d 207, 211 (2d Cir. 2006). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the nonmoving party will bear the burden of proof at trial, the moving party can satisfy its burden at summary judgment by "pointing out to the district court" the absence of a genuine dispute with respect to any essential element of its opponent's case: "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).

3

While "[a] person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under [42 U.S.C.] § 1983," the loss of reputation may be the basis for a constitutional claim "if that loss is coupled with the deprivation of a more tangible interest." *Patterson v. City of Utica*, 370 F.3d 322, 329-30 (2d Cir. 2004). To prevail on such a procedural due process claim—often called a "stigma-plus" claim—a plaintiff must show "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (internal quotation marks omitted). Crucially, "the 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment, or the termination or alteration of some other legal right or status." *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005) (citation and other internal quotation marks omitted).

Cohane argues that notwithstanding the fact that the show-cause order imposed by the NCAA Committee on Infractions was stayed for the duration of its term, the order created a material burden constituting a "plus" by impairing his prospects of receiving another head coaching position. Cohane argues that the inclusion of his name and violations in the NCAA's permanent personnel records created the requisite material burden as well, also because of its expected effects on his job prospects. But we have explained that "deleterious effects flowing directly from a sullied reputation, standing alone, do not constitute a 'plus' under the 'stigma plus' doctrine." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (alterations and other internal quotation marks omitted). When, as here, the loss of job prospects is merely a "normal repercussion[] of a poor reputation," it cannot be the basis for a stigma-plus claim. *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994).

Further, Cohane has not presented evidence that these purported material burdens were "state-imposed." *See Vega*, 596 F.3d at 81. To show that a private entity acted as a state actor through joint activity with the state, a plaintiff must show that the private entity and the state "share[d] some common goal to violate the plaintiff's rights," *Betts v. Shearman*,

4

751 F.3d 78, 85 (2d Cir. 2014), and that "the state was involved with the activity that caused the injury giving rise to the action," *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257-58 (2d Cir. 2008) (per curiam) (emphasis and internal quotation marks omitted). Cohane has failed to raise a genuine dispute as to whether the NCAA, a private entity, and SUNY Buffalo, a state actor, shared a common goal to violate his rights, let alone that they shared such a goal with respect to the decision to impose the show-cause order or to place a record of Cohane's infractions in the NCAA's personnel files. Because there was no evidence of a material state-imposed burden or state-imposed alteration of Cohane's status or rights, the District Court properly granted summary judgment in defendants' favor on Cohane's due process claims.

Finally, the only tortious interference claims at issue on this appeal are those against the MAC Defendants. *See Cohane v. Nat'l Collegiate Athletic Ass'n*, 215 F. App'x 13, 15 (2d Cir. 2007) (summary order) (affirming the dismissal of Cohane's tortious interference claims against the NCAA Defendants). Under New York law, "[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996) (citations omitted). Cohane now abandons his argument of tortious interference with his employment contract and focuses instead on the contract he entered into with SUNY Buffalo in effecting his resignation. But Cohane fails to raise a genuine dispute as to whether that resignation contract was actually breached. The District Court properly granted judgment in favor of the MAC Defendants on Cohane's tortious interference claims.

\* \* \*

We have considered Cohane's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5